<u>IN THE UNITED STATES COURT OF INTERNATIONAL TRADE</u>

SURGICAL SPECIALTIES CORPORATION;

               Plaintiff;

      v.

U.S. CUSTOMS AND BORDER
PROTECTION, RODNEY S. SCOTT, in his
official capacity as Commissioner of U.S.
Customs and Border Protection, and the
UNITED STATES OF AMERICA;

               Defendants.

Court No.  26-03033

<u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

COMES NOW Plaintiff Surgical Specialties Corporation, through its undersigned attorneys, and, pursuant to U.S. Ct. Int'l Trade R. 3 and 7(a), states its Complaint for Declaratory Judgment, as follows:

<u>PARTIES</u>

1.  Plaintiff is a U.S. Company that imports various goods on which it has paid duties that were issued under Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132, pursuant to presidential Proclamation No. 11012 (Feb. 20, 2026), 91 Fed. Reg. 9339 (Feb. 25, 2026) (Section 122). Plaintiff continues to pay those duties (Section 122 Duties).

2.  This Court, in the consolidated decision in *State of Oregon v. United* States, No. 26-01472-3JP, and *Burlap and Barrel, Inc. v. United States*, No. 26-01606-3JP (collectively *Burlap*), has made a number of determinations relevant to this matter. Because the applicability of the Section 122 Duties that are the subject of this Complaint is a question of law, now pending before United States Court of Appeals for the Federal Circuit,

administrative processes (e.g., post summary correction, protest, etc.) do not provide either a viable avenue to or a basis for the relief requested in this Complaint.

3.   Defendant, United States Customs and Border Protection (CBP), is the agency that is responsible for assessing and collecting Section 122 Duties.

4.   Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

5.   Defendant United States of America received the Section 122 Duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

## JURISDICTION AND STANDING

6.   The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i), because this action is commenced against an officer of the United States and arises out of a law of the United States providing for tariffs on the importation of merchandise purportedly for reasons other than the raising of revenue. *See Burlap*, Slip Op. 26-47, at 15.

7.   The Court has the same powers at law, in equity, and as conferred by statute as a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

8.   Plaintiff has standing to sue because it is "adversely affected or aggrieved by agency action within the meaning of the APA." 5 U.S.C. § 702; 28 U.S.C. § 2631(i). Section 122 Duties adversely affected and aggrieved Plaintiff because, as importer of record, it was required to pay and did pay Section 122 Duties.

9.   Declaratory and injunctive relief from this Court would redress those injuries.

Plaintiff also faces imminent and irreparable harm due to uncertainty as to whether there will be refunds of the Section 122 Duties as to liquidated entries or otherwise.

10. A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). The instant action is filed within two years of the imposition of the Section 122 Duties and Plaintiff's payment of same.

### GENERAL ALLEGATIONS

11. On February 20, 2026, through Proclamation No. 11012, Imposing a Temporary Import Surcharge to Address Fundamental International Payment Problems, (Proclamation), President Trump invoked Section 122 as authority to impose the Section 122 Duties on goods imported from many of the foreign countries from which Plaintiff imports its goods.

12. The President issued Proclamation No. 11012 following the Supreme Court's ruling concerning tariffs imposed under the International Emergency Economic Powers Act.

13. The Proclamation states the basis for the Section 122 Duties is that there exists a balance-of-payments deficit that the Section 122 Duties will address.

14. A balance-of-payments deficit is not the same thing as a trade deficit.

15. This Court, in *Burlap*, concluded that the Proclamation did not identify the statutory conditions the statute requires in order to lawfully proclaim the balance-of-payments deficits within the meaning of Section 122, as that section was enacted in 1974. Slip Op. 26-47 at 46; *see also id.* at 29 (determining that the Proclamation relied on current account and trade deficit concepts rather than the balance-of-payment measures referenced in Section 122).

16. Specifically, a balance-of-payments deficit can only be shown through deficits in liquidity, official settlements, or basic balance. *Id.* at 33.

3

17. Through this action, Plaintiff asks for clarity that the law, as already stated in *Burlap*, equally applies to it, and that the Section 122 Duties are unlawful.

18. This separate action is necessary now for two reasons. First, if the Section 122 Duties are held unlawful by the Federal Circuit, importers that have paid Section 122 Duties, including Plaintiff, are not guaranteed a refund for those tariffs in the absence of a judgment from this Court specific to them. *See* Slip Op. 26-47 at 24. Second, this action is necessary at this time because the availability and scope of refunds absent judicial relief remains uncertain.. Plaintiff seeks relief from the impending liquidations to ensure that its right to a complete refund is not jeopardized.

19. Accordingly, for itself, Plaintiff seeks (i) a declaration consistent with the upcoming Federal Circuit decision on the lawfulness of the Section 122 Duties; (ii) an injunction preventing Defendants from imposing further duties on it under the Proclamation; and (iii) full refund from Defendants of all Section 122 Duties Plaintiff has already paid to the United States as a result of the Proclamation, as well as those it will continue to pay, with interest as provided by law. *See, e.g.*, 19 U.S.C. § 1505(b).

**I.    Defendants' Implementation of the Section 122 Duties**

20. CBP classifies merchandise imported into the United States consistent with the Harmonized Tariff Schedule of the United States (HTSUS). 19 U.S.C. § 1202.

21. When goods enter the United States, CBP is responsible for assessing and collecting any tariffs on those goods, after confirming the HTSUS classification of the goods, according to the HTSUS rates established. 19 U.S.C. §§ 1202, 1500, 1502.

22. Typically, when goods enter (*i.e.*, are imported into) the United States, the importer of record pays an estimated duty on the entry based on its customs declaration, which asserts a value, origin, and HTSUS classification for the imported goods. *See*

4

9 U.S.C. § 1484. CBP then reviews the customs declaration and may inspect the goods.

23. Once CBP determines the final amount of duty, CBP "liquidates" the entry and notifies the importer of record as to whether the importer owes more money or is entitled to a refund. 19 U.S.C. § 1500; 19 C.F.R. § 159.1.

24. This Court possesses the equitable authority to suspend liquidation.

25. Once liquidation has occurred, and if the liquidation is protestable, an importer of record has 180 days to file a protest contesting the liquidation, asking the CBP to "reliquidate" the duties. *See* 19 U.S.C. § 1514.10. But not all liquidations are protestable: where CBP acts in a ministerial capacity (*i.e.*, without discretion) in imposing a duty, the entry's liquidation cannot be protested.

26. An importer may lack the legal right to recover refunds of duties for entries that have liquidated, even where the underlying legality of a tariff is later found to be unlawful.

## II.    Plaintiff Paid Preliminary Section 122 Duties

27. Plaintiff has paid Proclamation imposed Section 122 Duties.

28. Plaintiff's imports subject to Section 122 Duties entered the United States under new HTSUS codes from foreign countries.

29. Plaintiff has paid Section 122 Duties on a continuous basis.

30. The entries for which Plaintiff has paid Proclamation imposed Section 122 Duties are as a general matter scheduled to begin to liquidate on or after January 4, 2027.

### STATEMENT OF CLAIMS

### COUNT I

### DECLARATORY RELIEF, 28 U.S.C. § 2201

### THE SECTION 122 DUTIES ARE ULTRA VIRES

31. Plaintiff incorporates paragraphs 1-30 by reference.

32. This Court has held that Section 122 does not authorize the Section 122 Duties.

33. The Proclamation is the same as the one examined and found insufficient in *Burlap*. It purports to impose duties and modify the HTSUS solely under Section 122. For the same reasons set forth in *Burlap*, the Proclamation and the resulting Section 122 Duties exceed the authority provided under Section 122 authority and are therefore unlawful..

34. As the Court has already determined, the Proclamation "relies upon current account deficits, and a discussion of 'a large and serious trade deficit,'" rather than "identifying 'balance-of-payments deficits'". Slip. Op. 26-47 at 42.

35. Plaintiff respectfully requests that this Court apply its precedent, declare the Second 122 Duties unlawful as to Plaintiff, enjoin Defendants from enforcing them as to Plaintiff, and order refund of all Section 122 Duties collected from Plaintiff, with interest as provided by law.

36. Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

37. Plaintiff's claims present an actual controversy as to the President's authority under Section 122 and the authority of CBP to implement and collect the resulting tariffs.

38. Plaintiff is an importer of record and has suffered injury by having been required to pay Section 122 Duties as a result of the Proclamation on goods it has imported into the United States.

39. This Court can exercise its equitable power to enter a declaratory judgment that the Section 122 Duties are unlawful and that CBP lacks authority to implement and collect the resulting tariffs, as to Plaintiff.

40. This Court can exercise its equitable power to require refund to Plaintiff of all Section 122 Duties collected from Plaintiff, with interest as provided by law, and that CBP

6

Case 1:26-cv-03033-N/A    Document 5    Filed 06/03/26    Page 7 of 9

lacks authority to implement and collect the resulting tariffs as to Plaintiff, enjoin Defendants from enforcing the Section 122 Duties as to Plaintiff, and order reliquidation or liquidation of all of Plaintiff's entries of merchandise for which it has or will in the future pay any Section 122 Duties.

## COUNT II

### ALTERNATIVE–(DECLARATORY RELIEF, 28 U.S.C. § 2201)

### THE SECTION 122 DUTIES ARE UNCONSTITUTIONAL

41. Plaintiff incorporates paragraphs 1-40 by reference.

42. In the alternative, if the Court were to construe Section 122 as authorizing the Section 122 Duties under the Proclamation, the duties must nevertheless be held unlawful because Section 122 in that event would raise Constitutional concerns under Article I, including under established non-delegation principles and the major questions doctrine.

43. Interpreting Section 122 to permit the imposition of broad import duties would violate Article I, § 1 and § 8 of the U.S. Constitution, which vest in Congress the power to "lay and collect … Duties". Under the major questions doctrine and ordinary tools of statutory interpretation, Congress must speak clearly when assigning to the Executive branch decisions of vast economic and political significance—such as the power to impose sweeping tariffs that affect international trade—and Section 122 contains no such clear statement.

44. As this Court has already determined, the reading of Section 122 under which the President may declare a balance-of-payments deficit based on criteria other than those three that Congress specified, "would raise a non-delegation issue, which in turn would prompt a constitutional question." Slip Op. 26-47 at 40.

45. To the extent the Section 122 Duties are authorized under Section 122, Plaintiff

7

therefore seeks a declaration that the Section 122 Duties are unconstitutional as to Plaintiff, enjoin Defendants from enforcing them as to Plaintiff, and order refund of all Section 122 Duties collected from Plaintiff, with interest as provided by law.

46. Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

47. Plaintiff's claims present an actual controversy as to the constitutionality of Section 122 and the authority of CBP to implement and collect the resulting tariffs.

48. Plaintiff is an importer of record and has suffered injury by having been required to pay Section 122 Duties as a result of the Proclamation on goods it has imported into the United States.

49. This Court can exercise its equitable power to enter a declaratory judgment that the Section 122 Duties are unlawful for any of the above reasons, and that CBP lacks authority to implement and collect the resulting tariffs, as to Plaintiff, enjoin Defendants from enforcing the Section 122 Duties as to Plaintiff, and order reliquidation or liquidation of all of Plaintiff's entries of merchandise for which it has or will in the future pay any Section 122 Duties, and refund all Section 122 Duties collected from Plaintiff, with interest as provided by law.

**<u>PRAYER FOR RELIEF</u>**

Plaintiff respectfully requests that this Court:

    a) declare that the President lacks authority under Section 122 to set the Section 122 Duties;

    b) declare that the Section 122 Duties are ultra vires and void *ab initio* with respect to Plaintiff;

    c) declare that, with respect to Plaintiff, CBP lacks authority to

8

implement and collect any duties set out in the HTSUS that are

based on the Proclamation;

d)  with respect to Plaintiff, enjoin Defendants from imposing and

enforcing any duties set out in the HTSUS that are based on the

Proclamation;

e)  order the United States to refund to Plaintiff the Section 122 Duties

collected on those entries, with interest as provided by law; and

f)  award Plaintiff its reasonable costs, including attorney's fees,

incurred in bringing this action;

g)  grant such further relief as this Court deems proper.

Respectfully submitted,

Dated: June 3, 2026

*/s/ Adam E. Lyons*

Adam E. Lyons
Anne Elise Herold Li
BROWNSTEIN HYATT FARBER SCHRECK
675 15th St.
Suite 2900
Denver, CO  80202
(303)223-1251
alyons@bhfs.com

*Counsel for Plaintiff Surgical Specialties Corporation*

9